THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*, v. THE CITY OF CHERRYVALE et al., *Appellees*.

No. 17,456.

SYLLABUS BY THE COURT.

TAXATION—*Paving Street on Railroad Right of Way.* A city of the second class caused a street, which is parallel to the railway tracks and includes a strip of the right of way, to be paved. The strip has been used as a part of the street for over twenty years without objection by the railway company, and has not hitherto been necessary for right-of-way purposes. In a former action is was held that the city should not be enjoined from paving such a strip as a part of the street then being improved, but that such improvement should not give to the city or public any title to the land, or any interest that could ripen into a title by such user, or that would interfere with the use of the right of way. (*Railway Co. v. O'Leary*, 79 Kan. 664, 100 Pac. 628.) The city now seeks to charge the cost of paving such strip, together with other land used with it as a street, against the adjoining property, including the property of the railway company. It is *held:* (1) That there is no authority to make special assessments upon the property of the railway company to pave this part of its right of way; (2) that the railway company may maintain an action to enjoin the collection of the tax assessed therefor; (3) that a tender of the amount of the legal assessments which may be paid in annual installments was not required before commencing this action; and (4) that the decision in the former action is not an adjudication of the validity of the assessment in question.

Appeal from Montgomery district court. Opinion filed May 11, 1912. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* for the appellant.

*James A. Brady,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: This action is to enjoin the collection of a special assessment for a pavement in a city of the second class and is a sequel to *Railway Co. v. O'Leary,* 79 Kan. 664, 100 Pac. 628. It appeared in that action that the city of Cherryvale had authorized the pavement of a street parallel with the railway track and including a part of the right of way of the railway company, being a strip of land thirty feet wide at the north end and diminishing to a point about 700 feet to the south. The object of the former suit was to enjoin the contractors from paving that strip. It was conceded by the city that it did not have and could not obtain any adverse interest in the right of way, but it was contended that the proposed improvement would not impair its usefulness for the purpose for which it was held. It was found in that case that the use of the strip for right-of-way purposes was not practical or necessary, and that to establish a legal street at that point land must be condemned involving the destruction of buildings. It was not claimed by the city in that action that the city had acquired the right to this strip of land as a public street, although it had so used it without objection for over twenty years. Neither did the railway company claim that the pavement would obstruct or interfere with its own use of the right of way. It was held that although the land in question was owned by the railway company as part of its right of way, the city should be allowed to proceed with its proposed improvement. This conclusion was affirmed in this court, with a modification of the judgment declaring that the proceedings should not ripen into a title by user or interfere with the use of the right of way.

From the abstract in this action it appears that when

the pavement was completed special taxes were levied against adjoining property, including the property of the appellant, to pay for the improvement of the way consisting of the strip in question, and another adjoining strip, used together as a street sixty feet wide along the west side of the right of way, leading to the railway depot. No question is presented concerning the regularity of the proceedings except the contention that the city has no authority to levy assessments against the railway company for paving its own property, occupied as a street in the circumstances stated. The action was tried upon an agreed statement of facts, among which are the following:

"2nd. That plaintiff is and has been for more than five years last past the owner of a strip of land through said city 200 feet wide and during all that time used the same as a right-of-way.

"3rd. (Describes the strip in question.)

"4th. That no part of said strip has ever been any part of any street, avenue, alley, lane or other public ground but is and always has been a part of said right-of-way of plaintiff."

The assessment against the property of the railway company for the improvements in question includes the cost of paving this strip and the other land included in the limits of depot street adjoining its property. These amounts are not separated and the amount properly chargeable against the part not included in the right of way can only be determined from the number of yards in each part, the cost upon both parts being the same.

Counsel for the city says:

"The City does not claim that it has acquired the strip of land for a public street, either by conveyance or by any proceedings to that end, but claim that the paving does not interfere or obstruct the railway in any manner or to any extent in any use that it may properly make of its right-of-way."

The question is presented whether the railway company may be compelled to pay for paving a part of its

own property, not now used or necessary for use for right-of-way purposes, and which the public has used as part of a public street for over twenty years.

The effect of the finding that the railway company does not at present need the land in question for right-of-way purposes was considered in the former case, in the light of federal decisions involving grants of right of way similar to that of this company, and further comment here is not required. Should it become necessary at any time to subject the property to actual use for right-of-way purposes it can not be doubted that the use for street purposes must yield to that right. The contention of the city appears to be that in the meantime it has the right not only to make the way fit for public travel, but the right also to assess the proper proportion of the cost of the improvement against the company. The fact that the street leads to the defendant's depot, and that it is beneficially interested in keeping it open, may be conceded, still the question is one of statutory authority to levy the tax in question. Incidental benefits, although a possible ground to induce legislative action, can not give the power which must be found in the statute, or it does not exist. The power of cities of this class to levy special taxes and pave its streets is given in sections 1374 and 1420 of the General Statutes of 1909, and is an authority to pave *streets*. Streets are established and opened by public authority, as provided by law, or by dedication and acceptance. (3 Dillon on Munic. Corp., 5th ed., § 1080.) Mere use of a way by sufferance of the owner not resulting in an adverse right, does not make a street, and in this case the fact that the strip in question is still a part of the railway property was established in the former action, and is stipulated as a fact in this case. It is true that there is a possibility of vacation and reverter in the case of any street, in which case the public use ceases, but that contingency depends on the action of the public authorities, while

in this case cessation of the public use will depend on the action of the railway company alone. No authority is found in the statute for charging against the railway property the expense of paving such a way.

A city of this state took possession of land claiming that it was a street and entered into a contract for improving it. When the work was completed special assessments were levied against the property through which the supposed street extended to pay for the work. In an action by the owners of the land to vacate tax sales made to collect the assessments it was held that the city had transcended its authority because of the fact that no such street had ever been laid out or dedicated, and that the landowners were not estopped by their silence or failure to object, although they had knowledge of the progress of the work. (*City of Leavenworth v. Laing, et al.,* 6 Kan. 274.) That decision was referred to and followed in *Barker v. Comm'rs of Wyandotte Co.,* 45 Kan. 681, 695, 26 Pac. 591.

(See, also, *Culver v. City of Yonkers,* 80 N. Y. Supr. Ct., App. Div., 309, affirmed in 180 N. Y. 524, 72 N. E. 1141.)

It was said in *U. P. Rly. Co. v. Kindred,* 43 Kan. 134, 136, 23 Pac. 112, that under the great weight of authority a county could not open or construct a public highway parallel with the track of a railway on a right of way granted by congress. In *Railway Co. v. Watson,* 74 Kan. 494, 87 Pac. 687, it was held that private persons could not acquire title by adverse possession to any portion of the right of way granted to the Missouri, Kansas & Texas Railway Company through the Osage ceded lands. Whether city authorities have any greater power than county commissioners in this respect need not be considered, for it is conceded that no effort was made to lay out a street over this strip, and it is agreed as a fact that it has never been any part of any street.

The appellee contends that this action must fail because the appellant did not tender that part of the tax

representing its proportion of the cost of improving the part of the street not included in its right of way, citing *City of Ottawa v. Barney*, 10 Kan. 270, and other decisions based upon the maxim that he who seeks equity must do equity. The tax in question, however, was payable in installments extending over ten years, and although payment in full might have been made in thirty days at the option of the taxpayer, its right to have this payment extended over the ten years can not be abridged by the application of the maxim referred to. Equity does not require the relinquishment of the legal right to pay in installments as other property owners may do.

The further contention that the decision in the former case is a final adjudication of the right to impose the tax can not be sustained. The refusal to enjoin the improvement of this traveled way because no injury was shown is not an adjudication that the place so improved is a public street, and besides, it is an admitted fact in this case that it is not a public street.

The judgment is reversed with directions to enter judgment for the appellant upon the agreed facts enjoining the city from enforcing special assessments against the appellant's property for the cost of paving the strip so included in its right of way.

JOHNSTON, C. J. (dissenting) : The strip of land which has been paved had been used by the public as a street for more than twenty years. Although the title to the strip is in the railway company, and although the company may take possession of the strip and use it for railway purposes whenever such use becomes necessary, the injunction asked for by the owner against the occupation and use of the strip as a street was denied. (*Railway Co. v. O'Leary*, 79 Kan. 664, 100 Pac. 628.) The theory of that decision is that the public was entitled to the present use of the strip as a street and had the authority to pave it. If the public did not have the

right to use it as a street the owner would surely have been entitled to an order enjoining the possession and use of its property by the public.   If it is not to be regarded as a street and there is no authority to pave it, then it seems to me that the O'Leary case was erroneously decided.   A street may be legally laid over and across a right of way of a railroad, and since this strip has been treated as a street and the authority to pave it confirmed it seems to me that the abutting owners, whoever they may be, are required to contribute towards the cost of the pavement.

SMITH, J., concurs in this dissent.