No. 21,958.

J. W. MARSHALL, W. W. PARSONS, et al., *Appellants*, v. THE CITY OF OSBORNE, and B. F. CHILCOTT, as Mayor, etc., et al.. *Appellees*.

SYLLABUS BY THE COURT.

1. INJUNCTION—*Excessive Charges for Local Improvements—Joinder of Plaintiffs*. The owners of lots in different blocks which are subjected to an excessive charge for local improvements by reason of the total amount apportioned among the benefited property being too large, may join in an action for relief.

2. SAME—*Pleadings—Illegality of Special Assessments*. An allegation that the abutting property is charged with the cost of bringing the street to grade is sufficient to show the illegality of a special assessment.

3. SAME—*Assessments Payable in Installments—Tender*. The rule applied that where assessments for local improvements are payable in installments a tender of the valid portion is not essential to the maintenance of an injunction against the collection on the ground of their being excessive.

4. SAME—*Pleading—Additional Parties.* The petition held not to show facts calling for the bringing in of additional parties.

Appeal from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed March 8, 1919. Reversed.

*J. L. Travers,* and *J. K. Mitchell,* both of Osborne, for the appellants.

*N. C. Else,* of Osborne, for the appellees.

The opinion of the court was delivered by

MASON, J.: J. W. Marshall and several others brought an action to enjoin the collection of an assessment levied upon their property to pay for the paving of streets on which it abuts in Osborne, a city of the second class. The petition was drawn in three counts, although really but one cause of action was attempted to be stated. A demurrer was filed to each count on three grounds—the failure to state sufficient facts, the misjoinder of parties plaintiff, and the misjoinder of causes of action. The demurrer was sustained, the ruling being based specifically upon the second ground, the others being in effect overruled. The plaintiffs appeal.

1. The misjoinder of parties is not a ground of demurrer. (*Winfield Town Company v. Maris,* 11 Kan. 128, 147; *Hurd v. Simpson,* 47 Kan. 372, 27 Pac. 961; *Blodgett v. Yocum,* 80 Kan. 644, 649, 103 Pac. 128.) Doubtless the ruling should be interpreted as sustaining the demurrer on the theory that the facts alleged as to each plaintiff really constitute a separate and distinct cause of action not capable of being joined with that of the others. The property owned by the different plaintiffs was not all in the same block, and the defendants assert that some of the plaintiffs have no interest in the assessment made upon the property of some of the others. If each plaintiff were complaining of some defect in the proceedings which was peculiar to his own property there could be no joinder. (*Gardner v. City of Leavenworth,* 94 Kan. 509, 517, 146 Pac. 1000.) But the complaint made by all of the plaintiffs is that the total amount sought to be raised by charges against the property specially benefited by the improvement is too large so that when it is apportioned among the various tracts the burden placed upon each is excessive. Therefore all are alike

Marshall v. City of Osborne.

affected by the illegality alleged and may join in asking relief. (*Hudson v. Comm'rs of Atchison Co.,* 12 Kan. 140, 147, 148.)

2. The question whether the petition states a cause of action is involved, because if it does not, the error in holding it bad for misjoinder would be immaterial. It alleges specifically that the total amount which was charged to the benefited property exceeded the contract price and cost of the improvement by reason of including expenses incurred in establishing grades and bringing the streets to grade and in making a survey of the city as a whole, and other matters characterized as overhead charges. It also alleges that an erroneous rule of apportionment was adopted. The allegation that the benefited property was charged with the cost of bringing the streets to grade is sufficient to make the petition good as against a general demurrer, for the statute specifically requires that expense to be met by a general city tax. (Gen. Stat. 1915, § 1705; *Smith v. City of Courtland,* 103 Kan. 142, 172 Pac. 1027.) It is not regarded as feasible or desirable to undertake at this time to pass upon the validity of each specific objection set out in the petition. The pleading as a whole is not subject to demurrer.

3. The defendants suggest that the petition is defective in not setting out a tender of, or a willingness to pay, the portion of the tax the validity of which is admitted. The allegation is made that bonds are to be issued to meet the cost of the paving. The statute contemplates the payment of such bonds by taxation, payable in instalments, and this consideration removes the occasion for a tender. (*Railway Co. v. City of Cherryvale,* 87 Kan. 57, 123 Pac. 874.)

4. A final contention is that there is a defect of parties, inasmuch as the contractors and the holder of the bonds are not made defendants. The petition contains nothing suggesting the necessity for such additional parties.

The judgment is reversed, and the cause is remanded for further proceedings.