No. 19,683.

ROBERT A. BURGESS, D/B/A BURGESS AUTO SERVICE *v.*
FEDERATED CREDIT SERVICE, INC.
(365 P. [2d] 264)

Decided September 11, 1961.   Rehearing denied October 23, 1961.

Mr. ROBERT E. COLE, for plaintiff in error.

Mr. WILLIAM T. ECKHART, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties as they appeared in the trial court where defendant in error was plaintiff and plaintiff in error was defendant.

Plaintiff is a Colorado corporation engaged in the business of collecting past due accounts. It is licensed as a collection agency pursuant to the provisions of C.R.S. '53, chapter 28.

One Jim Daugherty, a plumber, performed services and furnished material in repairing a damaged gasoline pump at the filling station operated by defendant. Daugherty's claim against defendant was not paid although the latter received a check from his insurance company for the exact amount of the claim made by Daugherty to cover the damage sustained to the gasoline pump. Demands for payment were fruitless and Daugherty assigned his claim to the plaintiff with the understanding that he would receive one-half the amount collected and plaintiff would retain the other half.

Plaintiff filed an action in the justice court and recovered judgment, and the case was taken to the county court on appeal by defendant. The county court entered judgment for plaintiff in the amount of $84.12. Defendant seeks review of the judgment by writ of error.

In the justice court plaintiff was not represented by an attorney. In the county court, where the case was tried de novo, plaintiff was represented by a lawyer. The defendant contended that the action as originally brought in the justice court was commenced by a corporation collection agency whose president presented the evidence and handled the matter before the justice of the peace; that the justice court action was improperly brought and prosecuted before the justice of the peace by a corporation without an attorney acting on its behalf; that this amounted to unauthorized practice of law

by the corporation; that the justice of the peace should have dismissed the action; and that because plaintiff was not represented by counsel in the justice court no judgment could enter against defendant on appeal to the county court.

█ It is fundamental that a corporation cannot of itself perform any act except through authorized agents or officers elected by its directors. The plaintiff corporation, through its president, Sam Cofman, instituted the action in the justice of the peace court. Mr. Cofman, as an agent of the corporation, prosecuted the action, as anything that was done in that action by the corporation plaintiff necessarily had to be done by an authorized representative.

█ Prosecution of suits in courts which are not courts of record need not be carried on by licensed attorneys. C.R.S. '53, 79-5-17, provides in pertinent part:

"If the plaintiff or his agent shall not appear at the time appointed for the trial and no sufficient reason shall be assigned to the justice why the plaintiff or his agent does not appear, the justice shall dismiss the suit and the plaintiff shall pay the costs, unless * * *."

█ This court has held that under this provision authorizing plaintiff to appear by agent to save dismissal of the suit, means that an agent who is not an attorney at law may represent plaintiff in the trial of the cause. *United Securities Corporation v. Pantex Pressing Machine, Inc.*, 98 Colo. 79, 53 P. (2d) 653, is a case we deem to be squarely in point in the controversy now before us and we need only to quote the closing paragraph of that opinion:

"We hold, therefore, that the plaintiff corporation, under the statute, was within its legal rights in appearing in the justice court by its agent, not licensed to practice law, and that having appeared by attorney in the county court it was the duty of the latter to hear the cause de novo. It was error to sustain the intervener's motion to dismiss the cause."

The trial conducted in the county court was one to determine whether defendant was indebted to the plaintiff and not one to try Mr. Cofman or the corporation for practicing law without a license.

C.R.S. '53, 28-1-27, provides:

"It shall be a violation of this article for anyone engaged in the collection business to appear before any court, in towns or cities of one hundred thousand or more population unless represented by a duly licensed attorney at law. No licensee shall render, or advertise directly, or indirectly, that it will render legal service; but any such licensee can solicit claims for collection, take assignments thereof and pursue the collection thereof with necessary collection procedure."

This action was commenced in Colorado Springs, a city of less than one hundred thousand population.

We hold that the trial court correctly resolved the issues presented and the judgment accordingly is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DOYLE concur.