421 P.2d 336

**Glenn Allen GABRIEL, by his next friend, Gene Gabriel, Gene Gabriel, and Alma Christine Gabriel, husband and wife, Appellants,**

**v.**

**William B. MURPHY, Appellee.**

**No. I CA–CIV 206.**

Court of Appeals of Arizona.

Dec. 14, 1966.

Rehearing Denied Jan. 13, 1967.

Review Denied Jan. 31, 1967.

Alan Philip Bayham, Phoenix, for appellants.

McKesson, Renaud, Cook & Miller, by J. Gordon Cook, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from a verdict and judgment in favor of the defendant in an action involving personal injuries sustained by the plaintiffs as a result of an automobile accident.

Plaintiffs appeal not only from the judgment, but from the minute entry order denying the motion for new trial, and we are called upon to determine;

(1) the jurisdiction of this Court to hear the appeal,

(2) whether appellants may assign as error on appeal the giving of an instruction to which the appellants did not timely object, and

(3) whether it was error for the trial court to "deny" plaintiffs' motion for new trial.

On or about 14 March 1963, about 10:40 a. m., the plaintiffs were traveling in an easterly direction on Indian School Road in Phoenix, Arizona. Mrs. Gabriel was driving in the right or curb lane at a speed of 10 to 15 miles per hour. Her son, Glenn Allen Gabriel, was a passenger in the automobile. Two automobiles ahead of her stopped and she, giving an arm and hand signal, slowed down and stopped. Defendant, driving a three-fourths ton, van-type wagon, was following about 30 feet behind, and testified he was traveling from 25 to 30 miles per hour. The wagon struck plaintiffs' car on the left rear and left fender, but did not move from the point of impact. Plaintiff, Alma Christine Gabriel, suffered a straightening of the lordatic curve of the neck and sustained muscle spasms and severe headaches. She received therapy and traction and wore a neck collar off and on for some eight weeks. At the time of the trial, two years later, she was still having headaches and suffering from nervous tension neck pain, which the testimony indicated might be permanent.

After a three day trial, the jury returned a verdict for the defendant, and plaintiffs bring this appeal.

I.

The question is raised concerning the timeliness of the plaintiffs' appeal. For the purposes of discussion we set below the pertinent dates in this matter:

23 March 1965—jury verdict for defendant

29 March 1965—motion for new trial filed by plaintiffs

6 April 1965—formal written judgment signed and filed

15 April 1965—minute entry order denying motion for new trial

20 April 1965—notice of appeal filed by plaintiffs

The notice of appeal stated that plaintiffs appealed from the judgment entered 6 April 1965, and from the order of 15 April 1965, "denying" plaintiffs' motion for new trial.

It is well established that the appellate court will undertake to examine into its own jurisdiction even absent the issue being raised by the parties. Howard P. Foley Co. v. Harris, 4 Ariz.App. 294, 419 P.2d 735 (1 November 1966). And before this Court may have jurisdiction to consider a matter on appeal, an appellant must comply with the rules and statutes concerning appeals:

"Appeal being a matter of statutory privilege rather than a right, statutory pro-

visions establishing jurisdictional requirements must be strictly complied with to achieve entrance to appellate review." City of Tucson v. Wondergem, 4 Ariz. App. 291, 419 P.2d 552 (1966).

In the instant case, the appellants have attempted to appeal from the judgment and from the minute entry order "denying" the motion for a new trial. Appellant urges that the motion for new trial was denied even though by a minute entry. In this posture it is not an appealable order. Before a party may appeal from an order denying a motion for a new trial, as permitted by A.R.S. § 12–2101, subsec. F, par. 1, that order must be in writing:

"All judgments shall be in writing and signed by a judge * * * the judgment is not effective before such entry (filing with the clerk) [of such judgment]." Rule 58(a), Rules of Civil Procedure. State v. Birmingham, 96 Ariz. 109, 112, 392 P.2d 775 (1964).

Rule 54(a) of the Rules of Civil Procedure specifies that since an order denying a motion for new trial is an appealable order, it is a specie of judgment subject to Rule 58(a). Plaintiffs' attempted appeal from the minute entry order in relation to their motion for new trial is premature. We do not have jurisdiction to consider an appeal from the minute entry order relative to the motion for new trial.

The appeal from the judgment, however, was made within the 60 day period required by the rules:

"* * * 1. When an appeal is permitted by law * * * it shall be perfected by notice filed with the superior court within sixty days from the entry of the judgment or order appealed from * * *." Rule 73(b) (1), Rules of Civil Procedure, 16 A.R.S.

Before an appellant may take advantage of the extension of time in which to appeal, he must see that the motion for new trial is denied by operation of law, Foley v. Harris, supra, Bergman v. Bergman, 1 Ariz.App. 209, 401 P.2d 163 (1965), or have

the order reduced to written form. State v. Birmingham, supra.

A.R.S. § 12–2102, however, controls this case:

"A. Upon an appeal from a final judgment, the supreme court shall review any intermediate orders involving the merits of the action and necessarily affecting the judgment, and all orders and rulings assigned as error, whether a motion for new trial was made or not.

"B. If a motion for new trial was denied, the court may, on appeal from the final judgment, review the order denying the motion although no appeal is taken from the order.

"C. On an appeal from a final judgment the supreme court shall not consider the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for a new trial was made."

This matter was tried before a jury and a motion for new trial was made. This statute indicates that an appeal may be taken from a judgment alone without a motion for a new trial having been made. The statute requires that, in order to take advantage on appeal of defects in the sufficiency of the evidence, a motion for new trial must be made. In other words, a motion for new trial must be made before the scope of the appeal may be enlarged to include the sufficiency of the evidence to sustain the verdict or judgment. That scope may not be enlarged, however, beyond the matters assigned as error in the motion for new trial.

The reason for this rule is sound in that the trial court must be given the opportunity to correct any errors at the trial court level before an appeal is taken.

It does not follow, however, that when the appellant, after giving the trial court the opportunity to correct its error (a motion for new trial), he cannot assign as error the matters raised by his motion for new trial simply because he appeals from the judgment alone.

■ We therefore hold that when the appellant makes a motion for new trial (and gives the trial court the opportunity to consider alleged error), the appellant may, in effect, abandon his right for extension of time gained as a result of having the order in relation to his motion for new trial reduced to written form, and timely appeal from the judgment alone, and in doing so appellant may raise on appeal from said judgment, errors urged in the motion for new trial.

For that reason stated, in the instant case we may consider this appeal from the judgment, and inasmuch as a motion for new trial was made pursuant to statute 12–2102, subsec. C, A.R.S., we may consider the matters presented to the Court in plaintiffs' motion for new trial.

## II.

■ Plaintiffs contend that it was error for the trial court to give a "sudden emergency" or "imminent peril" instruction because the facts did not sustain such instructions. The defendant claims that the failure to object to the court's giving of this instruction is sufficient upon which we may deny plaintiffs' appeal on this point. With defendant we have to agree. Our rules state:

"* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of hearing of the jury." Rule 51(a), Rules of Civil Procedure, 16 A.R.S.

In considering this rule, our Supreme Court has stated:

"If this case were before us on appeal from a judgment for defendant, it is settled law that plaintiff could not successfully assign error to the instruction because the record shows no objection to the giving or failure to give the instructions now complained of. (citations omitted) We think in reason no dif-ferent rule obtains in the lower court, and the litigants may not urge as errors of law and grounds for new trial (citations omitted) the giving or failure to give instructions to which no specific objections were made. A contrary rule would make for uncertainty and confusion, erode away the value of verdicts fairly won, and place a premium on ambush tactics at trial." General Petroleum Corporation v. Barker, 77 Ariz. 235, 242, 269 P.2d 729, 734 (1954), but see Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962).

The decisions of the Arizona Supreme Court, General Petroleum Corporation v. Barker, supra, and this Court, State v. Bradley, 3 Ariz.App. 70, 412 P.2d 67 (1966), Moore v. Gray, 3 Ariz.App. 309, 414 P.2d 158 (1966), clearly indicate that the plaintiff, by failing to object to the instruction, may not assign that failure as a basis for a motion for new trial or as error upon appeal.

## III.

■ Plaintiffs next contend that it was error to deny plaintiffs' motion for new trial. There being no appeal allowable from the minute entry order relative to the motion for new trial, State v. Birmingham, supra, we will not consider any alleged error in the failure of the court to order a new trial. We may, as stated above, consider the matters alleged in the motion. Plaintiffs' assigned reasons for the motion for new trial were based on the following grounds:

(1). The verdict was against and contrary to the weight of the evidence.

(2). The verdict was given under the influence of passion and prejudice.

(3). The court erroneously gave an instruction of sudden emergency.

We have discussed above the question of the failure of plaintiffs to object to the giving of the instruction on sudden emergency. We have read the transcript and believe the evidence supports the verdict and do not find that said verdict was given

by the jury by reason of passion or prejudice.

Judgment affirmed.

STEVENS, C. J., and J. SMITH GIBBONS, Superior Court Judge, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge J. SMITH GIBBONS was called to sit in his stead and participate in the determination of this decision.