426 P.2d 395

**RAMADA INNS, INC., a Delaware corporation, Appellant,**

v.

**LANE AND BIRD ADVERTISING, INC., an Arizona corporation, Appellee.**

**No. 8423.**

Supreme Court of Arizona,
In Division.

April 12, 1967.

Rehearing Denied May 2, 1967.

**128**

Kramer, Roche, Burch, Streich & Cracchiolo, by Charles L. Hardy, Phoenix, for appellant.

Snell & Wilmer, Browder & Gillenwater by Donald Daughton, Phoenix, for appellee.

UDALL, Justice:

This is an appeal from a default judgment, in favor of the plaintiff (appellee herein) and against the defendant (appellant herein), from the refusal of the Superior Court, Maricopa County, to grant defendant's motion to set aside entry of default, and refusal to grant motion to set aside default judgment.

Plaintiff filed a complaint on October 4, 1963 against defendant for a money judgment, for goods sold and delivered to defendant, in the amount of $777.86. The summons and complaint were served upon the defendant on October 7, 1963. On October 28, 1963 the defendant corporation filed an answer signed by its president. The answer was timely filed, because the twentieth day after service fell on Sunday. Such answer had been prepared by defendant's house counsel, an attorney authorized to practice his profession in Illinois but not in Arizona.

On October 31, 1963, the plaintiff, without notice to the defendant, filed an affidavit of default with an attached memorandum of points and authorities urging that defendant's answer was a nullity because not signed by a lawyer.

November 4, 1963 the Clerk entered defendant's default because of defendant

"* * * having failed to appear and answer the plaintiff's complaint on file herein * * *." A notice of intent to enter default judgment was served upon the defendant's president on January 13, 1964. The notice was filed with the court on January 16th, on which day defendant filed an amended answer signed by an attorney authorized to practice law in the State of Arizona, and a motion to set aside entry of default supported by affidavits.

The Superior Court denied defendant's motion to set aside entry of default. After denying a renewal of defendant's motion to set aside the entry of default, the court ordered entry of judgment in favor of plaintiff. The defendant's motion to set aside default judgment was summarily denied. Notice of appeal and supersedeas bond on appeal were filed.

Here, the corporate defendant submitted an answer signed only by its president. Immediately on receiving notice of plaintiff's intent to enter default judgment the defendant filed an amended answer signed by an attorney licensed to practice in Arizona.

As to the adequacy of the corporate officer's signature on the first answer, the better rule of law is that, "A party to an action may appear in his own proper person or by attorney, unless the party is a corporation, in which case it may appear only by attorney." 7 Am.Jur.2d, Attorneys at Law, § 6.

Absent statutory authority a corporation cannot practice law even in its own behalf. A corporation cannot appear in court by an officer who is not an attorney, and it cannot appear in propria persona. Paradise v. Nowlin, 86 Cal.App. 2d 897, 195 P.2d 867; Tuttle v. Hi-Land Dairyman's Ass'n, 10 Utah 2d 195, 350 P.2d 616; Nicholson Supply Co. v. First Federal Savings, Fla.App., 184 So.2d 438; Niklaus v. Abel Construction Co., 164 Neb. 842, 83 N.W.2d 904.

So in finding the defendant's answer defective because not signed by an attorney,

the trial court followed the position taken by the vast majority of jurisdictions.

But default judgments are not favored because they do not result in a determination of the merits of a claim. Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746; Brown v. Beck, 64 Ariz. 299, 169 P.2d 855; Michener v. Standard Accident Insurance Co., 46 Ariz. 66, 47 P.2d 438; Beltran v. Roll, 39 Ariz. 417, 7 P.2d 248; Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873.

A reasonable opportunity should be given to parties to litigate their claims or defenses on the merits, so that any doubt existing as to whether a default should be set aside would be resolved in favor of the application to the end that a trial upon the merits may be had. 6 Moore's Federal Practice, § 55.10 [1]; Hendrie Buick Co. v. Mack, 88 Ariz. 248, 355 P.2d 892; Robledo v. Kopp, 99 Ariz. 367, 409 P.2d 288.

The conclusion by defendant's house counsel that defendant's president could sign the answer was not contrary to any settled authority in this state. Further, this area has been a source of confusion especially since even in the states following this rule the prohibition has not always applied in courts not of record. Burgess v. Federated Credit Service, Inc., 148 Colo. 8, 365 P.2d 264.

The standard to be met in setting aside a default judgment, for mistake, inadvertence, surprise or excusable neglect, is whether the conduct causing the default might be the act of a reasonably prudent person under the same circumstances. Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208; Coconino Pulp & Paper Co. v. Marvin, 83 Ariz. 117, 317 P.2d 550.

This Court cannot find that the defendant's actions, through its president, in accepting its counsel's advice on a confused, and for this state, unsettled point of law was too unreasonable to meet the applicable standard. Therefore this Court holds that the defendant's delay in submitting its answer was occasioned by excusable neglect.

We further hold that the affidavit of the defendant corporation's president, having averred that defendant had a meritorious defense and not having been controverted, was to have been accepted as true.

Therefore, having found that defendant's position fulfills the requirements of showing both excusable neglect and the existence of a meritorious defense, the default judgment is ordered vacated and the trial court is directed to take such further proceedings as are not inconsistent with this decision.

Reversed.

BERNSTEIN, C. J., and LOCKWOOD, J., concur.