581 P.2d 806

Helen **KRESSLY**, Plaintiff-Appellant,

v.

**Lloyd T. KRESSLY,**
**Defendant-Respondent.**

No. 12507.

Supreme Court of Idaho.

July 17, 1978.

R. Romer Brown of Haman & Brown, Coeur d'Alene, for plaintiff-appellant.

Everett D. Hofmeister, Coeur d'Alene, William J. Powell, Spokane, Wash., for defendant-respondent.

SCOGGIN, J. Pro Tem.

On October 2, 1974, plaintiff-appellant Helen Kressly obtained a divorce in Arizona from defendant-respondent Lloyd T. Kressly. The divorce decree awarded Helen Kressly monthly alimony payments of $1,500 and awarded a $12,500 bank account in British, Columbia, Canada, to Helen Kressly as her separate property. In June of 1976, plaintiff-appellant Helen Kressly brought two separate proceedings in Idaho against Lloyd T. Kressly to enforce the terms of the Arizona divorce decree.

One of the proceedings, Case No. 35941, was a separate action filed in the district court seeking an Idaho judgment for back alimony and the $12,500 which the defendant Lloyd T. Kressly had allegedly not turned over to her. Her complaint sought $44,000 total, plus attorney fees and costs. In this action Helen Kressly did not seek any alimony accruing subsequently to June 1, 1977.

The other proceeding brought by plaintiff-appellant Helen Kressly was Case No. 35943, a proceeding pursuant to I.C. § 10–1301, et seq., the Idaho enforcement of foreign judgments act. The proceeding was commenced by filing an authenticated copy of the foreign divorce decree with the clerk of the district court of Kootenai County and seeking execution thereon. On July 1, 1976, defendant-respondent Lloyd T. Kressly, in Case No. 35943, the enforcement of a foreign judgment proceeding, moved to vacate the filing of the Arizona judgment or alternatively for a stay of execution.

On August 17, 1976, defendant-respondent Lloyd Kressly moved for summary judgment in Case No. 35941, the action to obtain an Idaho judgment based on the Arizona judgment. Thereafter, on August 20, 1976, a stipulation to consolidate the two actions was drafted on stationery of Lloyd Kressly's counsel and signed by Helen Kressly's counsel. Although Lloyd Kressly's counsel did not sign the stipulation, the district court apparently accepted it as binding and consolidated the two actions with no objections from counsel.

Thereafter, Helen Kressly moved for a summary judgment in the consolidated action. The court issued an order of summary judgment in favor of defendant-respondent Lloyd Kressly with a stay of execution in regard to the Arizona judgment. The order seems to be couched in terms of the Case No. 35943 portion of the consolidated action, although both case numbers appear on the order.

The district court based its decision on the fact that after the Arizona divorce decree was entered, Lloyd Kressly moved for a new trial. The motion was orally denied, but no written order was issued. The district court concluded that under Arizona law the divorce decree was not a final judgment, and therefore was not entitled to full faith and credit in Idaho. *See generally* I.C. §§ 10–1301 to –1308 (Idaho Enforcement of Foreign Judgments Act). That reasoning would explain the stay in regard to Case No. 35943 but not the summary judgment for Lloyd Kressly in regard to Case No. 35941.

I. Case No. 35941—Idaho Civil Action.

█ We first note that Helen Kressly's right to a civil action to enforce her judgment is not replaced by the Idaho Enforcement of Foreign Judgments Act. I.C. § 10–1306. The Order of Summary Judgment and the Memorandum Decision applied the Act, but made no mention of the other portion of the consolidated action, the unanswered civil complaint. Because no answer was filed by defendant-respondent Kressly and no hearing had been held to ascertain whether Lloyd Kressly did owe money to Helen Kressly, summary judgment was improperly granted to Lloyd Kressly. The record before us shows that no stay of execution was entered in Arizona prior to Lloyd Kressly's motion for new trial and that he has not refuted the allegation that the $44,000.00 amount has not been paid. *See* Ariz.R.Civ.P. 62(b). On the contrary, his motion for summary judgment

stated that there were no issues of material fact.

Helen Kressly was entitled to a summary judgment based on the Case No. 35941 claim, since Lloyd Kressly did not dispute any material fact. The summary judgment for Lloyd Kressly is reversed and remanded.

II. Case No. 35943—Enforcement of Arizona Judgment.

■ In regard to the Case No. 35943 portion, Helen Kressly was entitled to the filing and enforcement of the Arizona judgment in Idaho. I.C. §§ 10–1302 to –1303, –1306A. The Arizona judgment in the *Kressley v. Kressley* divorce action was properly filed and recorded. *Id.* Since Lloyd Kressly made no contention that the parties involved in that action are different than the ones in the instant case, we conclude that the parties are identical and the name variance is immaterial. Annot., 60 A.L.R.2d 1024 (1958) ("Identification of Parties in Action on Foreign Judgment").

Thus the burden fell on Lloyd Kressly, the judgment debtor, to show "that an appeal from the judgment [was] pending or [would] be taken, or that a stay of execution [had] been granted" in Arizona. I.C. 10–1304(a). The district court correctly found that the Arizona judgment was not final under Arizona law, because no written order denying Lloyd Kressly's motion for new trial had been issued. Ariz.Rev.Stat. § 12–2101 (1956). Because the motion for new trial stopped the running of the 60-day period for appeal, this Court must assume that the sister state of Arizona would allow an appeal subsequent to the entry of a written, signed order denying a new trial. *See* Ariz.R.Civ.P. 73(b)(2)(iv). *But see Gabriel v. Murphy,* 4 Ariz.App. 440, 421 P.2d 336 (1966). The affidavit showing that Lloyd Kressly intends to pursue an appeal in Arizona was given weight by the district court. Whether the defendant-respondent intends to seriously pursue his appeal after 2½ years may be questioned, but it seems appropriate for this state to allow a stay of execution under I.C. § 10–1304. Either party has the right under Arizona law to sub-

mit a written, signed order of the Arizona court, which will deny the motion for new trial. *Howard P. Foley Co. v. Harris,* 4 Ariz.App. 294, 419 P.2d 735 (1966). Thus, Helen Kressly can submit a written order to the Arizona court and its signing will start the running of the time for appeal. Ariz.R. Civ.P. 73(b). After that period has expired, if no appeal has been filed, she will be entitled to the removal of any stay that the Idaho court may enter. I.C. § 10–1304(a).

The district court order contains the language of a stay ("it is further ordered that the Clerk of this Court shall in no manner treat nor deal with the Judgment set forth in Plaintiff's Complaint as a final judgment until such further Order of this Court"), so it is merely the granting of the defendant's motion for summary judgment that we reverse. The district court will need to reexamine the record to ascertain whether Lloyd Kressly has met the Arizona security requirements to stay execution. I.C. § 10–1304(a).

The order of summary judgment is reversed. The causes are remanded, and the court is directed to take appropriate action with respect to each portion of the consolidated matter—Case No. 35941 and Case No. 35943—as expressed in this opinion. Costs to appellant.

McFADDEN, DONALDSON, BAKES and BISTLINE, JJ., concur.