962 P.2d 209

**Donald E. BOYDSTON and Janice A. Boydston, husband and wife, Plaintiffs–Appellees,**

v.

**STROLE DEVELOPMENT COMPANY, Defendant–Appellant.**

**No. 1 CA–CV 96–0476.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 18, 1997.

Review Granted Sept. 10, 1998.

**136**

Aaron Kizer, Vivian M. Chang, Phoenix, for Appellees.

Thomas C. Horne, Allison L. Wapner, Phoenix, for Appellant.

## OPINION

WEISBERG, Judge.

We dismiss this appeal because we are without jurisdiction when the notice of appeal is filed by a non-attorney on behalf of a corporation.

### FACTS AND PROCEDURAL HISTORY

Appellees Donald and Janice Boydston contracted with a residential home builder, Strole Development Company ("SDC"), to construct a custom home for them. SDC constructed the house, but the Boydstons were dissatisfied with the workmanship in several respects. They first sought relief through the Registrar of Contractors, but eventually abandoned their administrative complaint, choosing instead to sue for damages in superior court. Following trial, a jury returned a verdict in the Boydstons' favor. Although SDC had been represented by counsel in the superior court proceedings, its attorney was allowed to withdraw after entry of the jury verdict. SDC, through its president, Ronald Strole, filed alternative motions for judgment notwithstanding the verdict and for new trial, both of which were denied. SDC appealed from the judgment and the denial of its post-trial motions. The notice of appeal was signed by Ronald Strole and his wife, neither of whom is an attorney.

On November 6, 1996, this court on its own motion dismissed the appeal for lack of jurisdiction. We found that the notice of appeal signed by the Stroles was ineffective. *See Rueda v. Galvez*, 94 Ariz. 131, 132, 382 P.2d 239, 239 (1963) (even if the parties do not raise the issue, the court must determine whether it has jurisdiction); *Ramada Inns, Inc. v. Lane and Bird Adver., Inc.*, 102 Ariz. 127, 128, 426 P.2d 395, 396 (1967) (a corporation cannot appear in court by an officer who is not an attorney and cannot appear in propria persona).

On November 20, 1996, SDC obtained counsel who filed a motion for reconsideration of our order of dismissal. We granted reconsideration and reinstated the appeal to allow the parties to address, among other issues,[1] the effectiveness of the notice of appeal. For the following reasons, we again dismiss this appeal.

### DISCUSSION

Most courts adhere to the general rule laid down by Chief Justice Marshall that "(a) corporation ... can appear only by attorney, while a natural person may appear for himself." *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824). *See Hawkeye Bank and Trust v. Baugh*, 463 N.W.2d 22, 23 (Iowa 1990) (also citing numerous cases in support of this general rule). In the frequently cited case of *Paradise v. Nowlin*, 86 Cal.App.2d 897, 195 P.2d 867 (1948), the California Court of Appeal restated the general rule that:

> A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona.

*Id.* 195 P.2d at 867 (citations omitted).

As pointed out by the Iowa Supreme Court in *Hawkeye Bank*, courts justify their adher-

1. Because of our dismissal for lack of jurisdic- tion, we do not reach these issues.

ence to the general rule on one or both of the following grounds: (1) it protects the court and the public from ineptitude and delay at the hands of persons who are unskilled as well as unlicensed in the practice of law and (2) it preserves the corporation as a legal entity separate from its shareholders. 463 N.W.2d at 24.

Whether a corporation may appear in court without an attorney was an issue of first impression in Arizona when the *Ramada Inns* case was decided. In that case, the Arizona Supreme Court concluded that the better rule of law was that a corporation may appear only by attorney, stating that:

> Absent statutory authority a corporation cannot practice law even in its own behalf. A corporation cannot appear in court by an officer who is not an attorney, and it cannot appear in propria persona.

102 Ariz. at 128, 426 P.2d at 396 (citations omitted).[2]

While courts have overwhelmingly followed the general rule, they are divided on the question of what effect the failure to be represented by an attorney in court has on the actions taken on the corporation's behalf. Two different approaches have been adopted with regards to this question: (1) the "nullity" approach; and, (2) the "correctable defects" approach.

Under the nullity approach, an action taken in court by a non-attorney on behalf of a corporation has no effect. It is, as the name indicates, a nullity.

By contrast, under the correctable defects approach, a court action taken by a non-attorney on behalf of a corporation is treated as a mere "defect" that may be cured under proper circumstances. Courts using this approach have liberally construed applicable rules of procedure, emphasizing the judicial preference of deciding cases upon their merits rather than upon technicalities.

Following the nullity approach in *Paradise,* the California appellate court on its own motion dismissed an appeal because a corporation had filed in propria persona its notice of appeal and opposition to the suit's dismissal. 195 P.2d at 867. The court found that these acts were "void" due to the "corporation's lack of power to represent itself in an action in court." *Id.*

Similarly, in *Midwest Home Savings and Loan Ass'n v. Ridgewood Inc.,* 123 Ill.App.3d 1001, 79 Ill.Dec. 355, 463 N.E.2d 909 (1984), the Appellate Court of Illinois dismissed an appeal for ineffective filing of the notice of appeal. The court concluded that, because no attorney represented the corporation in the filing of the notice of appeal, the appeal was a "nullity," having been instituted by a person not entitled to practice law. *Id.,* 79 Ill.Dec. at 358, 463 N.E.2d at 912.

As further illustration, in *Nicholson Supply Co. v. First Federal Savings & Loan Ass'n,* 184 So.2d 438 (Fla.Dist.Ct.App.1966), the act being questioned was a corporation's filing of a lien foreclosure complaint that had been signed by its president, a non-attorney. The trial court struck the complaint and refused to allow an amendment with the signature of an attorney who later sought to represent the corporation. The Florida appellate court upheld the trial court's ruling. It concluded that the initial complaint was a "nullity," requiring it to be stricken. *Id.* at 442. It further concluded that, since the complaint was a nullity, the motion to amend to include counsel's signature was improper because it had been filed after the expiration of the time for foreclosing the lien. *Id.*

The contrasting "correctable defects" approach is exemplified by *In re K.M.A., Inc.,* 652 F.2d 398 (5th Cir.1981). In that case, the notice of appeal of the corporate appellant was not signed by an attorney. Concluding that it was both unclear whether the

---

**2.** By statute, the Arizona legislature has granted corporations the right to be represented by non-attorneys who are officers or employees of the corporation when appearing before certain tribunals. For example, under Arizona Revised Statutes Annotated ("A.R.S.") section 32–1156 (Supp.1997), a corporation may be represented in proceedings before the Registrar of Contrac-

tors by an officer or employee who has been specifically authorized to represent it subject to the limitations specified in the statute. A.R.S. section 22–512(B)(4) gives a corporation the right to be represented in a small claims action by a full-time officer or authorized employee of the corporation.

filing of the corporation's notice of appeal by a non-attorney deprived the court of jurisdiction to consider the appeal and that the applicable appellate rules emphasized flexibility and substance over form, the court ordered that the appeal not be dismissed so long as the corporation obtained counsel to represent it within thirty days. *Id.* at 399.

Similarly, in *Benson v. City of De Soto,* 212 Kan. 415, 510 P.2d 1281 (1973), the Kansas Supreme Court concluded that the trial court had been overly technical in dismissing an appeal by a municipal corporation on the grounds that the notice of appeal had been signed by city council members rather than an attorney. The court stressed that the only action taken by the council members had been the signing and filing of the notice of appeal, which was done to protect the city for a brief period until counsel could be employed to enter an appearance. *Id.,* 510 P.2d at 1287. The court reasoned that its conclusion was consistent with the requirement that its code of civil procedure be liberally construed. *Id.* at 1288.

Finally, in *Szteinbaum v. Kaes Inversiones y Valores,* 476 So.2d 247 (Fla.Dist.Ct.App. 1985), a different Florida district court expressly rejected the decision that had been reached in *Nicholson.* Rather than treating the filing of a complaint by a non-attorney for a corporation as a "nullity," it concluded that the complaint was merely "defective" and had been cured by the later appearance of an attorney for the corporation. *Id.* at 248–49, 252. The court in *Szteinbaum* reasoned that "the decision of whether to dismiss a complaint without leave to amend should be controlled by considerations of fault and diligence of the plaintiff corporation and the prejudice to the defendant as they appear in the individual case." *Id.* at 252.

Although there is much merit to the application of the correctable defects approach when dealing with ordinary filings before a trial court, we are unable to adopt it here because the notice of appeal is necessary to create this court's jurisdiction. *See Gabriel v. Murphy,* 4 Ariz.App. 440, 441, 421 P.2d 336, 337 (1967) ("Before this court may have jurisdiction to consider a matter on appeal, an appellant must comply with the rules and statutes concerning appeals"). If a notice of appeal is not filed properly, we have no jurisdiction and therefore may not consider the merits of any arguments within that case. *Id.*

The courts in *K.M.A., Inc.* and *Szteinbaum* were able to expand their jurisdiction because their rules of procedure allow any part of a proceeding to be amended so that it may be disposed of on the merits when doing so would be in the interest of justice. Fla. R.App. P. 9.040(d). Similarly, in *Benson,* a liberal interpretation of the Kansas Code of Civil Procedure was required. 510 P.2d at 1286; Kan. Stat. Ann. § 60–102 (1994).

But, unlike appellate courts in other states, this court does not have the authority to expand our jurisdiction. *See* A.R.S. §§ 12–2101(b), –2101(m); *Arizona Dep't of Econ. Sec. v. Don,* 165 Ariz. 407, 408, 799 P.2d 27, 28 (App.1990)(holding that in civil matters "the right [to appeal] exists only when it has specifically been created by statute"); *Gabriel,* 4 Ariz.App. at 441–42, 421 P.2d at 337–38 ("Appeal being a matter of statutory privilege ... provisions establishing jurisdictional requirements must be strictly complied with to achieve entrance to appellate review.") (citations omitted).

Thus, while there is merit to SDC's argument, we must apply the nullity approach here because we are without jurisdiction to do otherwise. *See Gabriel,* 4 Ariz.App. at 441, 421 P.2d at 337 (holding that a defect in the instrument that grants jurisdiction to the court of appeals is not curable).

### CONCLUSION

For the foregoing reasons, we hold that a corporation's notice of appeal signed by a non-attorney is insufficient to vest jurisdiction in this court. This appeal is therefore dismissed.

McGREGOR, J., concurs.

GERBER, Judge, dissenting.

I respectfully dissent because: (1) we should not deny jurisdiction for a purely technical defect; and (2) the "correctable de-

fect" approach favored by numerous jurisdictions is the better remedy.

Arizona law favors a liberal construction of notices of appeal. *Hanen v. Willis,* 102 Ariz. 6, 423 P.2d 95 (1967), found jurisdiction even though appellant incorrectly designated the date of judgment and the time for a notice of appeal had expired. The court stated:

> [W]hen adequate notice of appeal has been given to the other party, no mere technical error should prevent the appellate court from reaching the merits of the appeal. Clearly the error in the present case as to the date was merely a technical one, and no one was misled.

*Id.* at 9, 423 P.2d at 98 (emphasis added).

In *McKillip v. Smitty's Super Valu, Inc.,* 190 Ariz. 61, 64, 945 P.2d 372, 375 (App.1997), our court ruled that, even though appellant's notice of appeal failed to address the underlying judgment, we nevertheless had jurisdiction. *See also Hoiness v. United States,* 335 U.S. 297, 301, 69 S.Ct. 70, 93 L.Ed. 16 (1948) (rejecting "hypertechnical" barriers to jurisdiction when what "the appellant sought to have reviewed was plain"); *Essex Wire Corp. of California v. Salt River Project Agric. Improvement and Power Dist.,* 9 Ariz.App. 295, 298, 451 P.2d 653, 656 (1969) (defects in notice of appeal did not require dismissal).

That the signatory on the notice of appeal lacks a license to practice law is a technical defect. Here, the status of the signor did not deprive the opposing party of sufficient notice, and the signature defect has now been corrected.

While I acknowledge support for the majority's position, the "correctable defect" approach is preferable because it avoids pointless barriers to addressing the merits. The "nullity" position forever deprives appellants of their appeal simply on the basis of a hypertechnical nicety.

The *Ramada* and *Gabriel* cases, upon which the majority relies, are distinguishable because they do not address the unique facts cited above. Our case is more analogous to *Rogers v. Municipal Court,* 197 Cal.App.3d, 1314, 243 Cal.Rptr. 530 (1988) where the California Court of Appeals, in a decision approved by the California Supreme Court, wrote as follows:

> The notice of appeal is a form document which contains only the names of the parties.... Its sole purpose is to give notice to the losing party.... It requires no legal training or acumen to prepare and file this document. Importantly, the notice of appeal imparts no information to the opposing side which will affect the trial of the issues. The legal position of the responding party cannot be prejudiced by anything contained in that document. Generally, that party is not required to make any kind of a response in order to protect its rights, nor is the notice of appeal subject to a demurrer or motion to strike. The corporate officer who signs the notice of appeal is not engaging in the practice of law.

Given the hypertechnical nature of the "nullity" position, coupled with the unique facts of this case and the *Rogers* standard, I would find jurisdiction to entertain the merits of this dispute.