969 P.2d 653

**Donald E. BOYDSTON and Janice A. Boydston, husband and wife, Plaintiffs–Appellees,**

v.

**STROLE DEVELOPMENT COMPANY, Defendant–Appellant.**

**No. CV–98–0012–PR.**

Supreme Court of Arizona, En Banc.

Dec. 15, 1998.

Rivera, Scales & Kizer, Phoenix by Aaron Kizer, for Donald E. Boydston and Janice A. Boydston.

Horne, Kaplan & Bistrow, P.C., Phoenix by Thomas C. Horne, Allison L. Brecher, for Strole Development Company.

## OPINION.

MARTONE, Justice.

¶ 1   This is an action in contract brought by the owner against a corporate builder for defective construction of a house.  After the owner prevailed in the trial court, non-lawyer corporate officers signed and filed a notice of appeal purportedly on behalf of the corporation.  The only issue before us is the effect that notice of appeal has on the jurisdiction of the court of appeals.

### I.

¶ 2   When the Boydstons brought their action against Strole Development Company in the superior court in September 1994, an answer was filed on behalf of the corporation by Jennings, Strouss & Salmon.  In April 1996, Jennings, Strouss & Salmon applied to withdraw as counsel of record to be substituted by Dominguez and Talamante under Rule XII, Uniform Rules of Practice of the Superior Court of Arizona.  The trial court signed an order granting the application.  On May 9, 1996, a jury returned a verdict in favor of the Boydstons and against Strole Development Company.  On June 3, 1996, Ronald Strole, a non-lawyer corporate officer, filed a motion for judgment notwithstanding the verdict or, alternatively, for new trial purportedly on behalf of Strole Development Company even though Strole Development Company was still represented by Dominguez and Talamante.

¶ 3   In June 1996, Dominguez and Talamante applied to withdraw as counsel.  Although no lawyer was substituted on behalf of the corporation, the trial court allowed Dominguez and Talamante to withdraw by order dated June 19, 1996.  On July 17, 1996, the trial court overruled the Boydstons' objection to the filing of the motion for new

trial by a non-lawyer, nevertheless denied the motion, and signed a final judgment. On August 15, 1996, Joyce and Ronald Strole signed and filed a notice of appeal in the superior court purportedly on behalf of Strole Development Company.

¶4 The Stroles filed a docketing statement in the court of appeals on behalf of Strole Development Company and indicated that they were not represented by counsel. They then filed a motion for extension of time to file their opening brief. The court of appeals considered their motion for extension of time and noted that it had been filed by the Stroles on behalf of a corporation. The court also noted that the notice of appeal had been filed by the Stroles, again purportedly on behalf of the corporation. The court ruled that, because a corporation could not appear *in propria persona,* the notice of appeal was ineffective. By its order of November 6, 1996, the court dismissed the appeal for lack of jurisdiction.

¶5 On November 20, 1996, Horne, Kaplan and Bistrow filed a notice of appearance and a motion for reconsideration in the court of appeals on behalf of Strole Development Company. On January 17, 1997, the court of appeals granted the motion for reconsideration, reinstated the appeal, and concluded that the issue of whether a notice of appeal filed by a non-lawyer on behalf of a corporation deprives the court of jurisdiction should be addressed in the parties' briefs.

¶6 After oral argument, and by published opinion, the court of appeals again dismissed the appeal. *Boydston v. Strole Development Co.,* 192 Ariz. 135, 962 P.2d 209, 258 Ariz. Adv. Rep. 30 (1997). The court properly noted that it is widely accepted that a corporation cannot appear in court by an officer who is not a lawyer and cannot appear *in propria persona.* The court also acknowledged that we so held in *Ramada Inns, Inc. v. Lane & Bird Advertising, Inc.,* 102 Ariz. 127, 128, 426 P.2d 395, 396 (1967).

But the court noted that courts elsewhere are divided on the question of whether a defective notice is a nullity that deprives the court of jurisdiction, or whether it is correctable. Acknowledging that there was merit to the correctable approach, the court nevertheless believed that it was precluded from taking that view by *Gabriel v. Murphy,* 4 Ariz.App. 440, 421 P.2d 336 (1966). Judge Gerber dissented, believing that the correctable defect approach was the better alternative. Concluding that *Gabriel* did not control, we granted Strole Development Company's petition for review. Rule 23(c)(3), Ariz. R. Civ.App. P.

## II.

¶7 While a natural person can always appear *pro per,* a corporation is an entity unto itself quite separate from its owners and officers. Thus, to respect the corporate form, we long ago adopted the rule that a corporation cannot appear in court without a lawyer. *Ramada Inns, Inc.,* 102 Ariz. at 128, 426 P.2d at 396. While there are some minor exceptions,[1] none apply here.

¶8 But this is where the inquiry begins, not ends. What happens when someone who is not a lawyer purports to act on behalf of the corporation in our courts? The court of appeals, while attracted to the curable approach over the nullity approach, felt constrained by *Gabriel.* But *Gabriel* did not involve the question before us now. There the court held that before a party may appeal from an order denying a motion for new trial, the order must be in writing and signed by a judge. Because the parties attempted to appeal from an unsigned minute entry, the court said it did not have "jurisdiction" to consider the appeal from the minute entry. *Gabriel,* 4 Ariz.App. at 442, 421 P.2d at 338.

¶9 This is not such a case. We have a signed final judgment. The question here is the adequacy of the notice of appeal,

1. Under Rule 31, Ariz. R. Sup.Ct., corporate officers may, for example, represent corporations in justice courts, small claims proceedings, the general stream adjudication, before the department of environmental quality, and in other special proceedings.

**50**

not the adequacy of the underlying judgment. The court of appeals had jurisdiction to decide this question. If it chose the nullity approach, it would dismiss the appeal. But if it chose the curable approach, it would not. In either case, the question was not one of jurisdiction but the appropriate approach to take when a non-lawyer signs a notice of appeal on behalf of a corporation. We have cautioned against the use of the word "jurisdiction" beyond its core meaning. *See, e.g., Taliaferro v. Taliaferro,* 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996); *Marvin Johnson, P.C. v. Myers,* 184 Ariz. 98, 101, 907 P.2d 67, 70 (1995).

¶ 10   We are left then to decide the issue, and we resort to our own cases and rule. We begin with *Ramada Inns, Inc.,* 102 Ariz. 127, 426 P.2d 395. Ramada Inns filed an answer signed by its president, who was not an Arizona lawyer. The plaintiff sought a default judgment and argued that "defendant's answer was a nullity because not signed by a lawyer." *Id.* at 128, 426 P.2d at 396. After the clerk entered Ramada Inns' default, the corporation filed an amended answer signed by an Arizona lawyer and a motion to set aside the entry of default, which the trial court denied. After first holding that the answer was indeed defective because a corporation cannot appear without a lawyer, we said that "[a] reasonable opportunity should be given to parties to litigate their claims or defenses on the merits." *Id.* at 129, 426 P.2d at 397. We reversed and vacated the default judgment. In essence, we rejected the plaintiff's argument that the answer was a nullity.

¶ 11   In *Hanen v. Willis,* 102 Ariz. 6, 423 P.2d 95 (1967), a party filed a notice of appeal that referred to the typed date of the judgment from which the appeal was taken rather than the interlineated correct date. The court of appeals dismissed the appeal on the basis that the notice was defective and "thus the court had no jurisdiction to consider the appeal." *Id.* at 8, 423 P.2d at 97. We rejected that approach, reinstated the appeal, and adopted the view that even if defective, a notice of appeal is sufficient if it is neither misleading nor prejudicial. *Id.* at 8–9, 423 P.2d at 97–98.

¶ 12   Together, these two cases mean the following. A corporation cannot appear without a lawyer, but when it does so its action is not automatically a nullity. *Ramada Inns, Inc.,* 102 Ariz. 127, 426 P.2d 395. A reasonable opportunity should be given to cure the problem. *Id.* A defective notice of appeal does not necessarily deprive the court of appeals of jurisdiction. *Hanen,* 102 Ariz. 6, 423 P.2d 95. It will be sufficient as a notice if it is neither misleading nor prejudicial to the appellee. *Id.*

¶ 13   Finally, we look at Rule 8, Ariz. R. Civ.App. P., which provides that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal." Rule 8(c) describes the substance of the notice of appeal, while Rule 8(e) describes the form of the notice of appeal. It states that it "shall be signed by the attorney, or, if the party is not represented by an attorney, then by the party." Rule 8(e) does not contemplate the unique problem presented by the corporate form—a party that cannot sign but which must be represented by counsel.

¶ 14   Drawing on these three sources, we conclude as follows. Unless excepted under Rule 31, Ariz. R. Sup.Ct., a lawyer authorized to practice law in Arizona must sign a notice of appeal on behalf of a corporation. If signed by a non-lawyer, the notice is not automatically a nullity. The court in which the issue arises should give the corporation a reasonable opportunity to cure the defect before dismissing the appeal. Reasonableness will depend upon the circumstances. *See, e.g., K.M.A. Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398 (5th Cir.1981) (granting a motion to dismiss appeal unless corporation appeared by counsel within 30 days). If the defect has already been cured at the time the issue arises, without prejudice to the appellee, then the appeal should proceed.

## III.

¶ 15  The notice of appeal here was defective. It was signed by non-lawyers on behalf of the corporation. The Boydstons could have objected but did not. After the court of appeals identified the problem by dismissing the appeal, counsel immediately appeared on behalf of the corporation. The Boydstons make no claim of having been misled or prejudiced. The court of appeals, of course, has an independent interest in ensuring that counsel appear on behalf of corporations. But as soon as counsel appeared on behalf of this corporation, that interest was satisfied. The deficiency was cured.

## IV.

¶ 16  We vacate the opinion of the court of appeals, reinstate the appeal, and remand to the court of appeals for consideration of the appeal on its merits.

ZLAKET, C.J., and FELDMAN, Justice, and DRUKE, Judge, concur.

CHARLES E. JONES, Vice Chief Justice recused himself and did not participate in the determination of this matter.

RUTH V. McGREGOR, Justice did not participate in the determination of this matter. Pursuant to Ariz. Const. art. VI, § 3, the Honorable WILLIAM E. DRUKE, Judge of the Arizona Court of Appeals, Division Two, was designated to sit in her stead.