NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FIDELITY NATIONAL TITLE AGENCY, INC., et al.,
*Plaintiffs/Appellees*,

*v.*

RAQUEL SHAKIRA ARNOLD, *Defendant/Appellant.*

No. 1 CA-CV 24-0810

FILED 07-15-2025

Appeal from the Superior Court in Maricopa County
No.  CV2024-001877
The Honorable Brian Kaiser, Judge *Pro Tempore*

**APPEAL DISMISSED**

COUNSEL

Fidelity National Law Group, Phoenix
By Brian J. Cosper
*Counsel for Plaintiffs/Appellees*

Raquel Shakira Arnold, Litchfield Park
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

---

**T H U M M A**, Judge:

¶1       Defendant Raquel Shakira Arnold, seeking to act on behalf of defendant R C Domain Trust (Trust), appeals the entry of default judgment in favor of plaintiff Fidelity National Title Agency, Inc. (Fidelity) and against the Trust. For the reasons that follow, the appeal is dismissed.

**FACTS AND PROCEDURAL HISTORY**

¶2       Arnold, along with Christopher McDowell, entered a contract with Richmond American Homes of Arizona, Inc. (Richmond) where Arnold and McDowell would purchase a home in Goodyear, Arizona for $669,995. Richmond retained Fidelity as the escrow agent. Arnold and McDowell delivered to Fidelity two purportedly certified checks for the full purchase price. In reliance upon those checks, on January 29, 2024, Fidelity recorded a deed conveying the property from Richmond to Arnold and McDowell, who took possession of the property that same day.

¶3       On January 30, 2024, Fidelity discovered both checks were fake. That same day, Fidelity recorded an affidavit noting the deed conveying the property to Arnold and McDowell had been recorded in error given the lack of payment. Fidelity then filed this case against Arnold and McDowell seeking to clear title and recover damages.

¶4       On January 31, 2024, Arnold and McDowell recorded a quit claim deed purporting to transfer the property to the Trust, with Arnold as Trustee. Fidelity amended the original complaint to include the Trust as a defendant.

¶5       When Arnold and McDowell failed to plead or otherwise respond to the complaint, Fidelity filed an application for entry of default. Arnold and McDowell then filed a motion to dismiss with prejudice, arguing they "no longer ha[d] rights, title, interest or security interests in [the] property" and attached affidavits in which they both declared they had no rights in the property. Arnold then filed a second motion to dismiss, asserting once again she and McDowell had no interest or equitable rights

in the property. Although the court denied both motions to dismiss, based on the affidavits, the court issued an order declaring Arnold and McDowell had no interest in the property.

**¶6**　　　　Fidelity then filed an application for entry of default as to the Trust for failure to plead or otherwise defend the action. When the Trust made no filing in response and did not otherwise defend, the default entered, and Fidelity filed a motion for default judgment. Fidelity properly notified the Trust, through Arnold, of the hearing on the motion for entry of default judgment. After holding a hearing, where the Trust did not appear, the superior court granted the motion and entered default judgment against the Trust, ordering the title to the property be quieted in the name of Richmond.

**¶7**　　　　Arnold then filed a motion to set aside default judgment, purportedly on behalf of the Trust. Before the superior court ruled on that motion, Arnold filed a notice of appeal on behalf of the Trust.

## DISCUSSION

**¶8**　　　　Arnold purports to assert, on behalf of the Trust, that the superior court made several errors. Arnold, however, is not authorized to represent the Trust and cannot challenge rulings against the Trust on appeal. *See* Ariz. Sup. Ct. R. 33(c). Arnold is not an active member of the state bar under Arizona Supreme Court Rules 31(a)(1) or specially admitted to practice under Rules 31.3, 38 or 39. *See* Ariz. Sup. Ct. R. 31.1(a). As such, she cannot represent the Trust in these proceedings. *See* Ariz. Sup. Ct. R. 33(c).

**¶9**　　　　Because Arnold was not authorized to file the motion to set aside the default judgment on behalf of the Trust, that motion was improper. *See id.* Similarly, Arnold was not authorized to file a notice of appeal and opening brief on behalf of the Trust. *See id.* That lack of authority is grounds for dismissal if, as here, the defect is not cured. *See Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 50-51 ¶¶ 14-15 (1998). Because the appeal was not properly filed, and the motion to set aside was not properly filed, the appeal is dismissed, and the default judgment is final.[1]

---

[1] Given the putative appeal was never properly perfected, Fidelity has not shown this court has jurisdiction to impose requested sanctions against Arnold, who is not a party and has not properly represented a party. *See* ARCAP 25.

## CONCLUSION

¶10        The appeal is dismissed, and the default judgment is final.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:         JR